UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

| | | |
|---|---|---|
| GERALD J. PEITROWSKI, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | 1:08-cv-1557-RLY-TAB |
| | ) | |
| ELIZABETH A. JOHNSTON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This cause is before the Court on Defendants' supplemental motion to continue the settlement conference set for April 23, 2010.  By way of background, the Court set this matter for a settlement conference during a January 7, 2010, status conference.  [Docket No. 48.]  On April 19, 2010, Defendants filed a motion to continue the settlement conference on the basis that one of Defendants' attorneys, Larry J. Britton, is lead counsel in a trial that has lasted longer than expected and likely will not conclude prior to April 23.  [Docket No. 53.]  The Court denied the motion, noting that Britton's co-counsel, Thomas Rosta, could attend the conference as Defendants' counsel.  [Docket No. 54.]

This ruling prompted Defendants to file a "supplemental" motion for continuance. [Docket No. 55.]  The supplemental motion states in relevant part, "Defendants' previous motion failed to advise the Court that, although the undersigned [Rosta] can appear on behalf of Defendants, Larry J. Britton, as national counsel for Defendants, is the individual who would have settlement authority in this matter pursuant to the Court's prior orders and requirements." [*Id*. at ¶ 3.]  This supplemental motion is problematic in several respects.

First, information relevant to a party's motion should be included in that motion. Parties should not expect to file a motion asserting some reasons for the relief requested, and then file a supplemental motion requesting the same relief after the Court denies the original motion. Proceeding in such a fashion would waste the time and resources of the Court, the parties, and their counsel.

Second, the order setting this matter for a settlement conference specifically stated (in bold type), "Unless excused by order of the Court, clients or client representatives with compete authority to negotiate and communicate a settlement shall attend the conference along with their counsel." [Docket No. 48 at 1.] Thus, Britton cannot serve as the party representative at the settlement conference. He is counsel of record. Britton's status as national counsel for Defendants does not alter the requirement that Defendants have a separate representative at the conference with full settlement authority.

Third, the undersigned has conducted four proceedings in this action: a March 24, 2009, initial pretrial conference; a June 11, 2009, teleconference; a September 24, 2009, teleconference; and a January 7, 2010, teleconference, the last of which prompted the setting of the settlement conference. Settlement was discussed at each of these conferences. The undersigned does not recall Britton participating in any of these proceedings, even though he could have done so by telephone. (The docket reflects his office is located in Milwaukee.) In sharp contrast, Rosta participated in each of these four conferences. This track record makes it difficult for the Court to understand why Britton's participation in the upcoming conference is now essential.

Finally, the Court has set aside a significant portion of its docket on April 23 for this

2

conference, and presumably parties and counsel have as well.  The Court does not do so lightly.

When setting this conference, the Court specifically ordered that any motion to continue the

settlement conference shall be filed "two weeks prior to the conference, except in exigent

circumstances."  [Docket No. 48 at 2.]  ("Two weeks" appeared in bold.)  Defendants did not file

their motion until April 19—four days before the settlement conference that had been scheduled

since January 7.  Britton's affidavit states that the trial he is in started on March 12 and was

scheduled to last until April 17.  [Docket No. 53, Ex. A at ¶ 5.]  Counsel could reasonably have

anticipated a trial scheduled to last more than a month might last a bit longer than expected.  In

such circumstances, a motion to continue the settlement conference should have been timely

filed two weeks prior to the conference.

   For these reasons, Defendants' supplemental motion to continue the settlement

conference [Docket No. 55] is denied.

   Dated:  04/21/2010

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Larry J. Britton
BRITTON & ASSOCIATES
ljb@britton-law.com

Linda H. Clare
GIBSON & SHARPS, PSC
lindaclare@sharpslaw.com

Brian P. Gijsbers
POWERS CHAPMAN DeAGOSTINO MEYERS & MILIA, P.C.
bgijsbers@powerschapman.com

Jeffrey P. Hintermeister
O'KOON HINTERMEISTER PLLC
jhintermeister@okoon.com

Thomas Edward Rosta
METZGER ROSTA LLP
Tom@metzgerrosta.com